IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KMART CORPORATION** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:06CV73LG-JMR |
| | § | |
| **REALTY TRUST COMPANY** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

BEFORE THIS COURT are Motions for Partial Summary Judgment pursuant to FED. R. CIV. P. 56(c) filed in the above-captioned cause by Realty Trust on July 12, 2006, and by Kmart on July 14, 2006. After consideration of the submissions and the relevant legal authority, it is the opinion of the Court that the Motion for Partial Summary Judgment filed by Kmart should be granted and the Motion for Partial Summary Judgment filed by Realty Trust should be denied.

**FACTS AND PROCEDURAL HISTORY**

On February 16, 1989, Kmart and Park Investments, Realty Trust's predecessor in interest, executed a long-term lease agreement. The agreement provided specifications for the construction of the store building, site improvement and lease of a Kmart store located in Long Beach, Mississippi. Realty Trust took assignment of this lease agreement in September of 1996. The parties do not dispute that as a result of Hurricane Katrina making landfall on August 29, 2005, the leased premises and all its improvements were completely destroyed. It is also undisputed that following the hurricane and up and until November 1, 2005, Kmart continued to make rental payments under the lease agreement.

-1-

On November 29, 2005, Kmart, by letter, informed Realty Trust that pursuant to Miss. Code Ann. § 89-7-3, all rental payments would be discontinued while the premises were uninhabitable.  The letter further sought reimbursement of all monies paid since August 29, 2005.  *Ex. "B" to Motion for Summary Judgment, #15.*  Notwithstanding Kmart's letter and position, Realty Trust continued to make demand for rental payments under the lease agreement.  In a letter dated December 9, 2005, Realty Trust notified Kmart that it was in default of the lease agreement and demanded $41,279.72, the amount due as of December 1, 2005.  The letter further informed Kmart that Realty Trust intended to obtain possession of the leased premises without terminating the lease agreement.  *Ex. "C" to Motion for Summary Judgment, #15.*  On January 10, 2006, a second notice of default was sent to Kmart by Realty Trust repeating the assertions contained in the December 1st letter.  *Ex. "D" to Motion for Summary Judgment, #15.*

Kmart filed a lawsuit against Realty Trust on January 20, 2006, in the Chancery Court of Harrison County, Mississippi, seeking declaratory relief, a decree of possession, injunctive and other relief, concerning the lease agreement executed with Realty Trust.  On February 6, 2006, the present case was removed to this Court by Realty Trust.  Following the Court's denial of a motion to dismiss, Realty Trust filed an answer and also asserted a counterclaim seeking declaratory relief for rent abatement, breach of contract, rebuilding and/or repair of the leased premises and immediate possession of the subject property.  The parties
subsequently filed motions for partial summary judgment.

## **DISCUSSION**

STANDARD FOR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56:

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth.  Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir. 1940).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324-25, 106 S.Ct. at 253-54.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

IS KMART ENTITLED TO ABATEMENT OF THE RENT UNDER MISS. CODE ANN. § 89-7-3?

Kmart asserts that because the lease is silent as to whether rent shall be abated in the

event of partial or total destruction of the premises, it is entitled to rely on § 89-7-3 of the Mississippi Code to abate rent from the date of the hurricane until the leased premises and improvements are restored. Section 89-7-3 provides in pertinent part as follows:

> **§ 89-7-3. Destruction of rental property.**
>
> A tenant shall not be bound to pay rent for buildings after their destruction by fire or otherwise, nor shall a covenant or promise by a lessee to leave or restore the premises in good repair have the effect to bind him to erect or pay for such buildings as may be so destroyed, unless in respect to the matters aforesaid there was negligence or fault on his part, or unless he has expressly stipulated to be so bound.

*Miss. Code Ann. § 89-7-3.*

Kmart contends that because they did not "expressly stipulate" to payment of rent in the event of the destruction of the leased premises, § 89-7-3 absolves them from further liability for rent payments under the lease agreement while the premises are uninhabitable. Kmart further contends that it is entitled to recoup the rental payments made after August 29, 2005, and that it is entitled to possession of the leased premises while the rent is abated.

> The lease agreement at issue in this case provides in pertinent part as follows:
>
> 3. Tenant shall, during the lease term, pay to the Landlord at such place as Landlord shall designate in writing from time to time, an annual minimum rental of FOUR HUNDRED THIRTY NINE THOUSAND THREE HUNDRED THIRTEEN DOLLARS ($439,313.00), unless abated or diminished as hereinafter provided, in equal monthly installments on the first day of the month . . . .

*Lease Agreement, att. as Ex. "A" to Kmart's Motion for Partial Summary Judgment and as att. "1" to Realty Trust's Motion for Partial Summary Judgment.*

In addition, paragraph nineteen of the lease agreement states:

> 19. In the event that, at any time during the lease term, the permanent improvements then constituting Tenant's buildings and site improvements shall be damaged or destroyed (partially or totally) by fire or any other casualty insurable under a standard fire and extended coverage endorsement

> Tenant shall, at its expense, promptly and with due diligence repair, rebuild, and restore the same as nearly as practicable to the condition existing just prior to such damage or destruction; provided, however, if as a result of any such damage or destruction during the last two (2) years of the lease term, Tenant's fixtures, equipment or other property shall be damaged or destroyed in an amount exceeding One Hundred Thousand Dollars ($100,000.00), or (2) such damage or destruction shall have taken place within five (5) years of the scheduled expiration of the current term of the lease and if the extent of such damage or destruction is such that the cost of restoration would exceed fifty percent (50%) of the amount it would have cost to replace the Tenant's building on the demised land in its entirety, at the time such damage took place, then Tenant may terminate this lease as of the date of such damage or destruction by giving written notice to the Landlord within thirty (30) days thereafter and Tenant shall have additional sixty (60) days, rent free, within which to remove its property from the demised premises . . . .

*Id.*

Kmart submits that no where in the executed lease agreement is there an "express stipulation" for payment of rent in the event of the destruction of the premises. Realty Trust argues that under the express terms of the lease, Kmart agreed that rent would not be abated unless otherwise provided in the lease agreement. In support of their argument, Realty Trust points out that the lease agreement did carve out certain circumstances where rent would be abated, e.g. destruction due to landlord's negligence or default. Realty Trust contends that Kmart's continuing obligation to pay rent is consistent with the long term nature of the lease agreement and the extensive rights of the tenant. *Realty Trust's Brief in Support of its Motion for Summary Judgment at p. 7, Ct. R. 14.* Realty Trust further contends that while the lease carves out certain exceptions for non-payment of rent, the lease does not set forth an express provision for abatement of rent in the event of the premises' destruction; therefore, Kmart "expressly agreed that rent would not be abated." *Realty Trust's Response to Motion for Summary Judgment at p. 7, Ct. R. 20.*

Kmart argues that Realty Trust's reliance on the language "unless abated or diminished as hereinafter provided" does not satisfy the requirements of § 89-7-3: "thus, through clever argument, Realty Trust is in effect relying upon what is not in the lease, i.e. an express abatement of rent, to support its position that the lease expressly provides that rent shall not abate." *Kmart's Reply to Response to Motion for Summary Judgment at p. 5, Ct. R. 24*. Kmart contends that, notwithstanding the differences in semantics, the parties did not "expressly" state in the lease that rent would not abate in the event the premises were destroyed; therefore, the obligation to pay rent while the premises are uninhabitable should be abated under § 89-7-3. *See generally Schantz v. American Auto Supply Co.* 178 Misc. 909, 915, 36 N.Y.S.2d 747, 753 (N.Y. Sup. 1942) *citing Taylor v. Hart*, 73 Miss. 22, 28, 18 So. 546 (1895)( "[I]t has been stated by some courts that at common law if the interest of the lessee in demised premises has been destroyed by act of God . . . so as to render the subject matter of the lease incapable of beneficial enjoyment by the tenant, the rent should be abated.").

Finally, Kmart contends that § 89-7-3 is a statute that is remedial in nature and should therefore be construed liberally. Realty Trust argues, however, that "statutes on derogation of common law as they related to abatement of rent by a tenant after destruction of the premises are strictly constructed or construed narrowly." *Realty Trust's Brief in Support of Motion for Summary Judgment at p. 7-8, Ct. R. 14; see also Realty Trust's Mem. Brief in Opposition to Kmart's Motion for Summary Judgment at p. 5-6, Ct. R. 20.* Moreover, Realty Trust contends "that under common law, courts would give effect to the plain language of the agreement between the parties . . . rent would not be abated unless otherwise provided in the lease." *Realty Trust's Brief in Support of Motion for Summary Judgment at p. 8, Ct. R. 14.*

First and foremost, it is a question of law for this Court to determine whether the lease/contract at issue is ambiguous and, if not, to enforce the contract as written.  *See Miss. Transp. Comm'n v. Ronald Adams Contractor, Inc.,* 753 So.2d 1077, 1087 (Miss. 2000); *Universal Underwriters Ins. Co. v. Ford,* 734 So.2d 173, 176 (Miss. 1999); *IP Timberlands Operating Co. v. Denmiss Corp.,* 726 So.2d 96, 106 (Miss. 1998).  The Mississippi Supreme Court has determined that:

> 'The standard of review for questions concerning the construction of a contract are questions of law that are committed to the court rather than to the fact-finder.' *Ferrara v. Walters,* 919 So.2d 876, 881 (Miss.2005) (citing *Warwick v. Gautier Utility Dist.,* 738 So.2d 212, 215 (Miss.1999); *Miss. State Highway Comm'n v. Patterson Enters., Ltd.,* 627 So.2d 261, 263 (Miss.1993)). . . . Only if the contract is deemed ambiguous will the 'subsequent interpretation' involve a 'finding of fact.' *Id.* (*citing Rotenberry v. Hooker,* 864 So.2d 266, 269 (Miss.2003)).  'Our law requires this Court to accept the plain meaning of a contract as the intent of the parties where no ambiguity exists.' *Ferrara,* 919 So.2d at 882 (citations omitted). In other words, '[legal purpose or intent should first be sought in an objective reading of the words employed in the contract to the exclusion of parol or extrinsic evidence.' *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.,* 857 So.2d 748, 752 (Miss.2003) (citations omitted).  In applying the 'four corners' test, '[o]ur concern is not nearly so much with what the parties may have intended, but with what they said, since the words employed are by far the best resource for ascertaining the intent and assigning meaning with fairness and accuracy.' *Id.* (citing *Simmons v. Bank of Miss.,* 593 So.2d 40, 42- 43 (Miss.1992)). 'Only if the contract is unclear or ambiguous can a court go beyond the text to determine the parties true intent.' *Id.* at 752-53 (citing *Pursue Energy Corp. v. Perkins,* 558 So.2d 349, 352 (Miss.1990)). In short, this Court 'will not rewrite or deem a contract ambiguous where the language is clear and indicative of its contents.' *Miss. Farm Bureau Mut. Ins. Co. v. Walters,* 908 So.2d 765, 769 (Miss.2005) (citing *State Auto. Mut. Ins. Co. v. Glover,* 253 Miss. 477, 176 So.2d 256, 258 (1965)).

*A & F Properties, LLC v. Madison County Bd. of Sup'rs*, 933 So.2d 296, 301 (Miss. 2006).

Under Mississippi law, where an agreement is clear and unambiguous, the contract will be enforced as written.  *Hamilton v. Hopkins*, 834 So.2d 695, 702 (Miss. 2003).  The

federal courts, utilizing established Mississippi precedent, have likewise held that "a court must effect a determination of the meaning of the language used, not the ascertainment of some possible but unexpressed intent of the parties.  The mere fact that the parties disagree about the meaning of a provision of a contract does not make the contract ambiguous as a matter of law.  Parole [sic] evidence as to surrounding circumstances and intent may be brought in where the contract is ambiguous, but where ... the contract ... [is] unambiguous it has no place.  The parties are bound by the language of the instrument." *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984,  992 (5th Cir. 2001).

In the present case, the record indicates that the leased premises were destroyed by an Act of God and not by negligence on the part of Kmart.  In applying the four corners test, the Court finds that Kmart is entitled to invoke the provisions contained in § 87-9-3 where there is no contrary provisions contained in a lease agreement.  The reliance by Realty Trust on the phrase "unless abated or diminished as hereinafter provided" is not persuasive.  The Court is compelled to note that Kmart did agree to, "at its expense, promptly and with due diligence repair, rebuild, and restore the same as nearly as practicable to the condition existing just prior to such damage or destruction."  *¶ 19 of Lease Agreement*.  However, absent from the lease agreement is any *express stipulation* that Kmart remains liable for rental payments in the event the premises are partially or totally destroyed.  The terms of the lease are unambiguous.   The Court concludes that under the unambiguous terms of the lease agreement, Kmart is not bound to payments under the lease if the premises are damaged or destroyed.  *See Texaco Exploration & Prod., Inc. v. AmClyde Engineered Prods.,* 448 F.3d 760, 778 (5th Cir. 2006)(*citing  Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 220 (5th Cir.

2005)(because policy language was determined to be unambiguous, court did not look beyond four corners of document to explore intent of the parties); *see also Miller v. Miller*, 222 Miss. 588, 592, 76 So.2d 705, 707 (1955)(Mississippi Supreme Court held that where leased premises were damaged by fire, without negligence on lessee's part, lessee had not stipulated in lease to pay full rent if buildings were damaged by fire, and lessee restored buildings at his own expense, lessee was entitled to have rent reduced for the remainder of his term.)

### **CONCLUSION**

Based upon the case law set forth by the Mississippi Courts, the undersigned concludes that applying § 89-7-3 to the lease agreement in the present case, Kmart is entitled to an abatement of the rent while said premises are uninhabitable. Similarly, the undersigned cannot conclude that Realty Trust is entitled to present possession of the premises under the terms of the lease agreement. Finally, the Court finds that under § 89-7-3, Kmart is entitled to repayment of the sums paid to Realty Trust after August 29, 2005, to November, 2005. Accordingly,

**IT IS ORDERED AND ADJUDGED,** that for the reasons stated above, the Motion for Partial Summary Judgment, pursuant to FED. R. CIV. P. 56, filed July 12, 2006, [13-1] by Realty Trust should be, and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** for the reasons stated above, Kmart is entitled to judgement as a matter of law on the issue of whether it properly invoked protection under Miss. Code Ann. § 89-7-3 for abatement of rent under the lease agreement. Therefore, the Motion for Partial Summary Judgment filed by Kmart on July 14, 2006, [15-1] should be and is hereby **GRANTED**. Any remaining claim not heretofore addressed shall

proceed.

**SO ORDERED AND ADJUDGED** this the 21th day of March, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE