IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KMART CORPORATION** § | | **PLAINTIFF** |
| § | | |
| v. § | | **Civil Action No. 1:06cv73HSO-JMR** |
| § | | |
| **REALTY TRUST GROUP, INC.,** § | | **DEFENDANT** |

### ORDER

THIS CAUSE COMES BEFORE THE COURT for consideration of Plaintiff Kmart Corporation's ("Kmart") Motion for Entry of Rule 54(b) Judgment [43], filed on or about April 17, 2007.  Defendant Realty Trust Group, Inc. ("RTG") filed a Response on or about October 17, 2007.[1]  After due consideration of Plaintiff's Motion, Defendant's Response, and the relevant law, it is the Court's opinion that the Motion should be denied.

The Court's Order [41] granting the Plaintiff's Motion for Partial Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure disposes of just one of Plaintiff's claims against Defendant.  Rule 54(b) provides that "[w]hen more than one claim for relief is presented in an action," a district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims...only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  FED. R. CIV. P. 54(b);

---

[1] Pursuant to Order dated October 12, 2007, this Court provided RTG additional time to respond to Kmart's Motion.  *See* Ct. Order dated October, 12, 2007.

-1-

*Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471, 485 (5th Cir. 2002).

Rule 54(b) requests should not be granted routinely, and "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002) (*quoting Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). In making the determination, the court must weigh "the inconvenience and cost of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (*quoting Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). Certification should only be granted by a district court when there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Industries Inc. v. Harrison County Waste Water Mangement Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

The Court finds that the interests of judicial economy would not be served by directing entry of judgment under these circumstances. Here, Plaintiff does not argue, and the Court does not find, any resulting hardship or injustice from its denial of entry of a final judgment at this time. Because the claim Plaintiff wishes the Court to direct entry of final judgment on arises from the same essential facts as the claims remaining for adjudication before this Court, an entry of final

judgment would likely result in piecemeal appeals or litigation, and therefore would be improper. *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 741-742 (5th Cir. 2000) (finding Rule 54(b) final judgment improper where the same set of facts would have to be relearned if and when the allegations remaining with the district court were appealed from the district court's final judgment of those claims).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, Plaintiff's Motion for Entry of Rule 54(b) Judgment [43], should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 29th day of October, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE